UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON WHITE, an Individual,<br><br>                              Plaintiff,<br><br>v.<br><br>BENIHANA INTERNATIONAL, INC., a Delaware stock corporation; 3C-BENIHANA INTERNATIONAL, an unknown corporation; KEVIN SPEER, an individual, and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.: 3:23-cv-00888-L-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT MOTION TO CONTINUE**<br><br>[ECF No. 28, 31] |

Pending before the Court in this employment hostile workplace lawsuit is Plaintiff Madison White's ("Plaintiff") motion to remand the action to State court. (ECF No. 28.) Defendant Benihana International, Inc.,[1] ("Benihana") filed an opposition and Plaintiff replied. (ECF Nos. 29, 30.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). For the reasons stated below,

---

[1] Defendant Benihana International, Inc., is the only defendant that has made an appearance in this action. 3C-Benihana International is an unknown corporation that has not been served. Kevin Speer is an individual who has been served, however, he has not made an appearance.

1

the Court GRANTS the motion and REMANDS the case to Superior Court of the State of California for the County of San Diego.  The parties' joint motion to continue scheduling deadlines is DENIED AS MOOT without prejudice, and the parties may renew their motion with the state court. (ECF No 31.)

## I.   RELEVANT BACKGROUND

Plaintiff filed a complaint in State court against Benihana, 3C-Benihana International, and Kevin Speer ("Speer") alleging: (1) violation of the Fair Employment and Housing Act ("FEHA") due to a hostile work environmental and sexual harassment; (2) failure to prevent and remedy harassment; (3) retaliation in violation of FEHA; and (4) constructive discharge in violation of FEHA.  (ECF No. 1-5.)  Plaintiff alleges that Speer, a chef at Benihana, started harassing Plaintiff shortly after she began to work as a server at Benihana.  (*Id*. at 3.)  Plaintiff alleges this harassment escalated to the point where Speer would send Plaintiff 40 to 50 messages a day, often from new accounts, including unwanted sexual messages and unwanted messages on Plaintiff's appearance.  (*Id*. at 4.)  Plaintiff alleges she reported this behavior to her managers at Benihana, but they refused to do anything because the advances were "harmless" and that they were "short of chefs."  (*Id*.)  Plaintiff alleges that even after Speer made physical contact, grabbed her, and attempted to follow her to her car, managers at Benihana still refused to act.  (*Id*. at 4-5.)  Plaintiff then alleges she was forced to resign as she could not work in that environment.  (*Id*. at 5.)

Plaintiff initially served Benihana, but was unable to serve Speer as she was unaware of his address.  (ECF No. 12 at 2.)  Benihana removed the action to this Court alleging diversity pursuant to 28 U.S.C. § 1332(a) before Plaintiff was able to serve Speer.  (ECF No. 1 at 2.)  This Court extended the time for Plaintiff to find and serve Speer.  (ECF No. 13.)  Plaintiff subsequently returned an executed summons for Speer.  (ECF No. 15.)

Plaintiff now moves to remand this case back to the Superior Court of the State of California for the County of San Diego based on a lack of complete diversity as required by 28 U.S.C. § 1332(a).  (ECF No. 28.)

## II.  LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)[1] ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship and an amount in controversy greater than $75,000.  *See* 28 U.S.C. § 1332(a).  The complete diversity requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  The parties do not dispute that Plaintiff is a citizen of California.  Therefore, complete diversity exists if none of the Defendants are citizens of California.

## III.  DISCUSSION

### A. Diversity Jurisdiction

Plaintiff seeks to remand the case on the basis that there is not complete diversity of citizenship as one of the defendants is domiciled in California, as is Plaintiff, and that

the amount in controversy is not met.[2] Defendant argues that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Defendant makes two general arguments for why diversity jurisdiction exists: (1) that diversity existed at the time of removal and the subsequent service on a California defendant does not destroy diversity; and (2) that regardless of if post-removal service on a California defendant destroys diversity, Speer was not properly served and thus should not be considered a non-diverse defendant. They also argue that the motion is untimely, and the remanding the case would be prejudicial to Benihana. All these arguments fail.

There is no dispute that complete diversity exists between Plaintiff and Benihana, a foreign defendant. Plaintiff moves to remand this action to state court because Speer, like Plaintiff, is a resident of California, thereby defeating diversity jurisdiction.

Defendants cite multiple cases for the proposition that Speer does not destroy diversity jurisdiction because he was not served at the time of removal. *See, e.g., Spencer v. U.S. Dist. Court for Northern Dist. of Calif.*, 393 F.3d 867, 871 (9th Cir. 2004). However, the cases cited by Defendants pertain to the "local defendant rule."[3] Pursuant to the local defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, in the cases cited by Defendants, the parties were completely diverse and there was no dispute that the actions could have been filed in federal court. The question was whether an otherwise removable case must remain in state court because of the presence of a non-served local defendant.

Here, Plaintiff's argument is not that Speer is a *local* defendant; rather, Plaintiff argues that Speer is a *non-diverse* defendant. The law on non-diverse defendants is well-

---

[2] As the Court finds that complete diversity does not exist, it does not reach whether Defendant made the requisite showing of the amount in controversy.
[3] Also known as the "forum defendant rule."

4

established and distinct from the local defendant rule cases cited by Defendants.  In fact, there are multiple Ninth Circuit cases on point stating that in diversity jurisdiction cases, non-served, non-diverse defendants should be considered by the court to prevent gamesmanship by defendants.  *See Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"); *see also Preaseau v. Prudential Ins. Co. of Am.,* 591 F.2d 74, 78 (9th Cir.1979); *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1266 (9th Cir.1992).  Thus, the fact that Speer was not served at the time that this case was removed does not destroy his non-diverse status (and therefore confer jurisdiction here on diversity grounds).

Furthermore, to the extent that removal was proper due to the parties not knowing Speer's citizenship at the time this case was removed, after Speer was served and it became clear that he is a non-diverse defendant, remand is now proper (and in fact mandatory) due to a lack of complete diversity.  28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  Accordingly, Defendant's additional arguments that Plaintiff's motion is untimely and that Defendants would suffer prejudice if the case is remanded also fail, as it is mandatory to remand a case where a federal court lacks subject matter jurisdiction at any point before final judgment.  *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)

The only remaining question is whether Speer is actually a non-diverse defendant.  Benihana argues that his citizenship should not be considered as he was not properly served, citing an email from Plaintiff's counsel that they had a "bad address" for Speer when attempting to serve him with the amended notice of deposition at the California address they had for him.  (*See* ECF No. 29-1 at 6.)  However, the weight of the evidence shows that Speer is a citizen of California who was properly served.  Plaintiff returned a summons for Speer that was executed on September 7, 2023.  (ECF No. 15.)  While

Plaintiff failed to serve Speer an amended notice of his deposition when attempting to do so on November 20, 2023, the non-service report detailed that the current occupants of the address where Speer had been previously served reported that Speer had moved from that address about one month prior to that date. (ECF No. 30-3 at 3.) Defendants fail to show, as is their burden, that Speer is diverse as he at least previously appeared to live in California. Even if Speer has now moved out of state, this post-removal move cannot cure a lack of diversity that previously existed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (a post-filing change in citizenship by the plaintiff cannot create diversity jurisdiction). Therefore, complete diversity does not exist, and jurisdiction cannot be maintained on these grounds.

### IV. CONCLUSION

Because Defendant has not met their burden of establishing federal jurisdiction, the Court GRANTS the motion and REMANDS the case to the Superior Court of the State of California for the County of San Diego. The Clerk is directed to remand the case and close the file. The parties joint motion to continue scheduling deadlines is DENIED AS MOOT without prejudice, and the parties may renew their motion with the state court. (ECF No. 31.)

**IT IS SO ORDERED.**

Dated: February 12, 2024

Hon. M. James Lorenz
United States District Judge